UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In Re:

THOMAS EDWIN STARKE, JR.,

   Debtor.   Case No: 17-33516-KLP

SUNTRUST BANK,

   Movant,   Chapter 13

v.

THOMAS EDWIN STARKE, JR.,
VALERIE SUZANNE STARKE, Co-Debtor,
CARL M. BATES, Trustee,

   Respondents.

CONSENT ORDER MODIFYING AUTOMATIC STAY

This matter was before the Court on August 22, 2018 on the Motion of SunTrust Bank, for relief from the automatic stay with respect to the real property located at 4619 Forest Hill Ave, Richmond, VA 23225 and more particularly described as follows:

 Robyn D. Pepin, VSB #77784
 Kelly Rae Gring, VSB #75999
 John J. Chappell, III, VSB #88617
 Glasser and Glasser, P.L.C.
 Crown Center, Suite 600
 580 East Main Street
 Norfolk, Virginia 23510
 757-625-6787
 Attorneys for SunTrust Bank

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, WITH IMPROVEMENTS THEREON AND APPURTENANCES THERETO BELONGING, LYING AND BEING IN THE CITY OF RICHMOND, VIRGINIA, KNOWN AND DESIGNATED AS LOT 7, BLOCK A, SUBDIVISION A, WESTOVER HILLS AND FURTHER DESCRIBED AS 4619 FOREST HILL AVENUE, RICHMOND, VIRGINIA 23225, ALL AS SHOWN ON A PLAT OF SURVEY MADE BY A.G. HAROCOPOS & ASSOCIATES, P.C., CERTIFIED LAND SURVEYOR AND CONSULTANT, DATED SEPTEMBER 12, 1988, AND ENTITLED "SURVEY OF LOT 7, BLOCK A, SUBDIVISION A, WESTOVER HILLS, RICHMOND, VIRGINIA," A COPY OF WHICH IS ATTACHED TO DEED DATED SEPTEMBER 15, 1988, AS FURTHER DESCRIBED BELOW. SITUATE IN THE COUNTY OF RICHMOND, IN THE STATE OF VIRGINIA.

UPON consideration of which, it is ORDERED:

1. The Debtor will resume making regular monthly installment payments in the amount of $639.42 as they become due commencing on September 8, 2018.

2. The Debtor will cure the post-petition arrearage currently due to the Movant through August 22, 2018 in the total amount of $7,032.46, by making the following payments:

   a. $586.04 on or before September 20, 2018
   b. $586.04 on or before October 20, 2018
   c. $586.04 on or before November 20, 2018
   d. $586.04 on or before December 20, 2018
   e. $586.04 on or before January 20, 2019
   f. $586.04 on or before February 20, 2019
   g. $586.04 on or before March 20, 2019
   h. $586.04 on or before April 20, 2019
   i. $586.04 on or before May 20, 2019
   j. $586.04 on or before June 20, 2019
   k. $586.04 on or before July 20, 2019
   l. $586.02 on or before August 20, 2019

3. In the event that any payment required by this Order is not received by the Movant within 15 days after it is due, the Movant may mail a notice of default to the Debtor by

first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to Debtor`s counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the Debtor. The notice of default will state in simple and plain language:

    a. That the Debtor is in default in making at least one payment required under this Order;
    b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
    c. The action necessary to cure the default, including any address to which payments must be mailed;
    d. That the Debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
        i. cure the default;
        ii. file an objection with the Court stating that no default exists; or
        iii. file an objection with the Court stating any other reason why an Order granting relief from the automatic stay should not be entered;
    e. That if the Debtor or trustee do not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that it has complied with the terms of this Order and that the Court may grant relief from the automatic stay without further notice to the Debtor; and
    f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the Debtor or trustee do not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this Order and that neither the Debtor nor the trustee have taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the Debtor or trustee file an objection, the Movant must set the matter for hearing and give notice of the hearing to the Debtor, Debtor`s counsel and the trustee. At the hearing, the Court may terminate the stay or take other action appropriate to the circumstances.

    4. The provisions of this Order with respect to regular monthly installment payments expire one year after the date of the entry of this Order. In the event of the default in payment of

any regular monthly installment payment due more than one year after the date of the entry of this Order, the Movant must obtain relief by filing a new Motion for Relief from Stay with appropriate notice and hearing.

5. Until an Order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the noteholder or servicing agent to send the Debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this Court, the Movant shall be entitled to reasonable attorney's fees in the amount of $0.00 for issuance of a notice of default, and an additional $0.00 for issuance of a certificate of default and preparation of an Order terminating the automatic stay.

8. Relief is granted as to Valerie Suzanne Starke, the Co-Debtor, from the automatic stay imposed by 11 U.S.C. Section 1301(a) to the same extent and on the same terms and conditions as granted as to the Debtor.

Richmond, Virginia

\_\_\_\_Aug 28 2018\_\_\_\_, 2018.

/s/ Keith L. Phillips
KEITH L. PHILLIPS
United States Bankruptcy Judge

Entered on Docket: Aug 29 2018

I ask for this:

/s/ Robyn D. Pepin
Robyn D. Pepin, Attorney for Movant

Seen and agreed:

/s/ Patrick T. Keith by Amanda Erin DeBerry with permission of
Patrick T. Keith, Attorney for Debtor

Seen:

/s/ Carl M. Bates by Robyn D. Pepin pursuant to written authorization
Carl M. Bates, Trustee

### CERTIFICATE

The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is identical to the form Order required by Administrative Order 10-2 and that no modification, addition, or deletion has been made except as to the deletion of late charge language and attorney's fees and filing fees language.

/s/ Robyn D. Pepin
Robyn D. Pepin

## CERTIFICATE

The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay has been endorsed by or on behalf of all necessary parties herein.

    /s/ Robyn D. Pepin
Robyn D. Pepin

PARTIES TO RECEIVE COPIES:

Patrick T. Keith, Esquire (Via electronic transmittal)

Carl M. Bates, Trustee (Via electronic transmittal)

Thomas Edwin Starke, Jr.
4619 Forest Hill Ave
Richmond, VA 23225

Valerie Suzanne Starke
2808 Bywater Drive, Apt 114
Henrico, VA 23233

Robyn D. Pepin, Esquire (Via electronic transmittal)